IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ROSIE HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.  2:16-cv-636-TFM |
| | ) | [wo] |
| ACCC INSURANCE COMPANY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This action is assigned to the undersigned magistrate judge to conduct all proceedings and order entry of judgment by consent of all the parties (Docs. 17-19, filed 9/1/16) and 28 U.S.C. § 636(c).  Pending before the Court are Defendant Potts' *Motion to Dismiss* (Doc. 5, filed 8/22/16) and *Plaintiff's Motion to Remand* (Doc. 11, filed 9/2/16).  The motions have been fully briefed and is ripe for review.  Having considered the motions and relevant law, the Court finds the motion to dismiss is due to be **GRANTED** and the motion to remand is due to be **DENIED**.

### I.   FACTS AND PROCEDURAL HISTORY

Plaintiff Rosie Harris ("Harris" or "Plaintiff") filed this a complaint in the Circuit Court of Lowndes County, Alabama on September 23, 2015.  *See* Doc. 1, Atch 1, Complaint.  Harris is an Alabama citizen.  The suit alleged breach of contract and bad faith against Defendants ACCC Insurance Company, ACCC Claims, Central Alabama Insurance Agency, Inc., and Steve Cole. The allegations against all Defendants involved solely Alabama state law issues and relate to the denial of Plaintiff's insurance claim for the loss of her vehicle.

Central Alabama Insurance Agency, Inc. and Steve Cole were both considered Alabama citizens.  As such, the case was not removable due to lack of diversity in citizenship.  On July 11,

2016, Harris filed a second amended complaint which added Defendant James A. Potts ("Potts") as a defendant and asserted two Alabama state law claims against him.  Specifically, the claims against Potts were Interference with a Contractual Relationship and Outrage.  *See* Doc. 1, Atch 10, Second Amended Complaint.  As part of the claims process, the ACCC Defendants hired Defendant Potts – a licensed Alabama attorney – to represent ACCC Insurance for the limited purposes obtaining an examination under oath from Plaintiff Harris.  Defendant Potts sent Plaintiff numerous letters which attempted to schedule the examination under oath and required her to bring certain documents to the examination.  Plaintiff refused to attend the examination. The ACCC Defendants denied her car insurance claim.  A few weeks later, Plaintiff filed the instant suit.

On August 2, 2016, shortly after Plaintiff's dismissal of Central Alabama Insurance Agency, Inc. and Steve Cole, Defendants ACC Insurance Company and ACCC Claims Service, Inc. (collectively "the ACCC Defendants") filed a Notice of Removal in this court based on an assertion of diversity jurisdiction.  *See* Doc. 1, generally.  Defendants state in their Notice of Removal that the case is properly removable under 28 U.S.C. §1441 because the United States District Court now has original jurisdiction over this case under 28 U.S.C. §1332.

Specifically, the ACCC Defendants assert diversity jurisdiction exists in this case because the amount in controversy exceeds the $75,000 jurisdictional threshold and complete diversity of citizenship exists among the "true parties" when considering Defendant Potts has been fraudulently joined and Defendants Central Alabama Insurance Agency, Inc. and Steve Cole had previously been voluntarily dismissed.  Plaintiff is a citizen of Alabama.  The ACCC Defendants are citizens of Texas.  Defendant Potts – the defendant which has allegedly been fraudulently joined – is a citizen of Alabama.  The case had not been originally removable because

Defendants Central Alabama Insurance Agency, Inc. and Steve Cole were citizens of Alabama which thereby destroyed diversity of citizenship among the parties.

Shortly after removal, Defendant Potts filed a motion to dismiss based on fraudulent joinder on August 22, 2016.  *See* Doc. 5.  On September 2, 2016, Plaintiff timely filed her motion to remand.  *See* Doc. 11.  In the motion to remand, Plaintiff asserts Defendant Potts was not fraudulently joined and therefore this case was not removable as there is not complete diversity of citizenship since Plaintiff and Defendant Potts are both Alabama citizens. Specifically, Plaintiff argues "there has been no allegations by the Defendants of 'outright fraud' in Plaintiff['s] pleadings of jurisdictional facts…and no dispute that Defendant Potts is a citizen of Alabama."  *See* Doc. 11 at p. 3.  Plaintiff also filed a response to Defendant Potts' motion to dismiss for fraudulent joinder.  *See* Doc. 9.  In the response, Plaintiff argues that she does have viable causes of action for tortious interference with a contract and outrage.  Specifically, Plaintiff states Defendant Potts was a stranger to the contract (not an agent) and therefore could meet the elements of tortious interference with a contract.  Potts was brought in after the claim had arisen.  She further argues that Potts' sole purpose was to make it impossible for Plaintiff to comply with the terms of the examination under oath. Plaintiff also asserts Potts' letters were intentionally calculated to inflict emotional distress and prevent her from being able to enjoy the benefits of her insurance contract which establishes the outrage claim.  Finally, Plaintiff also filed a motion to stay proceedings pending review of the motion to remand.  *See* Doc. 10.  In the motion, Plaintiff argued all other motions should defer to her motion to remand (including Defendant Potts' motion to dismiss).  In that motion, Plaintiff also separately asserted that the ACCC Defendants' notice of removal was procedurally defective because the notice did not include a signature from all named parties – specifically Defendant Potts.  On September 2,

2016, the Court denied the motion to stay stating the following:

> At this stage in the process the Court has made no substantive rulings on any matters in this case.  The Plaintiff can be assured that the Court will certainly address jurisdictional matters – including the motion to remand – first prior to any other substantive rulings.  From a very brief review of the motion to dismiss based on fraudulent joinder (Doc. 5, filed 8/22/16), it does, however, appear to be intertwined with the very issues presented in the motion to remand.  In short, both matters are jurisdictional in nature.  Further, Plaintiff already filed her brief in opposition to the motion to dismiss.  *See* Doc. 9.  As such, the Court declines to enter a stay of proceedings in this matter, but will withhold briefing on the non-jurisdictional motions pending the Court's determination on jurisdiction.

*See* Doc. 12.  Despite the denial of the motion to stay, the Court will consider the procedural defect arguments raised in the motion.

The ACCC Defendants responded to the motion to remand arguing that Potts was fraudulently joined because Plaintiff could not recover against him under Alabama law.  *See* Doc. 15.  Therefore, if fraudulently joined, the Court must disregard his citizenship when considering the existence of diversity of citizenship.  The ACCC Defendants also address the procedural defect argument by arguing that a fraudulently joined defendant need not join in or consent to removal.

Defendant Potts filed a response to the motion to remand which also constitutes his reply for the motion to dismiss.  *See* Doc. 16.  In the response, Potts argues that general agency is not required to be a stranger to the contract.  Rather, if the alleged interferer's acts were within the scope of the duties as an agent, then he is not a stranger to the contract.  Next, Potts asserts the letters, even if not reasonable within the insurance industry, still did not rise to the level of extreme and outrageous conduct necessary to establish a claim of outrage under Alabama law.  Finally, with regard to the procedural defect argument, Potts makes the same arguments as the ACCC Defendants in that he is not a properly joined defendant and therefore not required to join in or consent to removal.  Further, Potts asserts Harris waived the procedural defect because he

raised the argument on September 2, 2016 which is more than 30 days after the August 2, 2016 notice of removal.

After review of the various pleadings, motions, and responses, the Court determines the jurisdictional issue is fully briefed and no oral arguments are necessary.  The jurisdictional issue is ripe for review.

## II. STANDARD OF REVIEW

Federal courts have a strict duty to exercise jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, 116 S. Ct. 1712, 1720, 135 L.Ed.2d 1 (1996).  However, federal courts are courts of limited jurisdiction and possess only that power authorized by Constitution and statute.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (1994).  Defendant, as the party removing this action, have the burden of establishing federal jurisdiction. *See Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001)).  Further, the federal removal statutes must be construed narrowly and doubts about removal must be resolved in favor of remand.  *Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003) (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)); *Burns*, 31 F.3d at 1095 (citations omitted).

Even if complete diversity is lacking "on the face of the pleadings," a defendant may remove "an action…if the joinder of the non-diverse party…[was] fraudulent." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996)).  The action is removable because "[w]hen a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant." *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d

1278, 1281 (11th Cir. 2006).  "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs*, 154 F.3d at 1287. The Eleventh Circuit has recognized three situations in which joinder may be deemed fraudulent: (1) when there is no possibility that the plaintiff can prove a cause of action against the resident (or non-diverse) defendant; (2) when there is outright fraud in the plaintiff's pleading of jurisdictional facts; and (3) when there is no real connection to the claim and the resident (or non-diverse) defendant. *Id*.

"[T]he determination of whether a [non-diverse] defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir. 2005) (quoting *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998)).  "The proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under [Federal Rule of Civil Procedure 56]." *Id*. at 1322-23.  Accordingly, all contested issues of substantive fact and any uncertainties as to the current state of the law must be resolved in the plaintiff's favor. *See id*. at 1323; *see also Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989).

### III.  DISCUSSION AND ANALYSIS

Since this lawsuit began in state court, the court's jurisdiction depends on the propriety of removal.

### A.    Procedural Defect in Removal

The Court first addresses Plaintiff's procedural defect argument.  The case was removed on August 2, 2016.  *See* Doc. 1.  "A motion to remand on the basis of any defect other than lack of subject-matter jurisdiction must be made within 30 days after the filing of the notice of

removal under [28 U.S.C.] § 1446(a)."  28 U.S.C. § 1447(c).  Thirty days from August 2, 2016 is September 1, 2016.  Plaintiff filed her motion to stay proceedings and motion to remand on September 2, 1016.  *See* Docs. 10-11.  As such, Plaintiff is outside the 30-day window on procedural defects and the argument has been waived.  *See Wilson v. Gen. Motor Corp.*, 888 F.2d 779, 781 n. 1 (11th Cir. 1989) (citing *Grubbs g. Gen. Elec. Corp.*, 405 U.S. 699, 702, 92 S. Ct. 1344, 1347, 31 L. Ed. 2d 612 (1972)); *see also Ammedie v. Sallie Mae, Inc.*, 485 Fed. Appx. 399, 400-01 (11th Cir. 2012) (citing *Wilson* and stating same).

even if it was not waived, Defendant Potts' signature and/or consent would not be required as the unanimity rule applies only to defendants properly joined and served.  In cases involving a question of fraudulent joinder, the application of the unanimity rule would create a nonsensical loop.  If fraudulently joined, a signature or consent would not be required.  But, if not fraudulently joined the signature and consent would be required, yet that would mean that the court would not have diversity anyway thereby destroying subject-matter jurisdiction.  Thus, the simple common-sense answer in cases involving a question of fraudulent joinder is that a signature or consent of the alleged fraudulently joined defendant is not procedurally required for removal.  *See, e.g. Maxwell v. E-Z-Go*, 843 F. Supp.2d 1209, 1213 (M.D. Ala. 2012) (citations omitted).

**B.      Fraudulent Joinder – State Law Claims**

Diversity jurisdiction exists where there is diversity of citizenship and the amount in controversy exceeds $ 75,000, exclusive of interest and costs.  28 U.S.C. § 1332.  Section 1446(b) then answers the question of when an action is removable, setting forth the preconditions for removal in two types of cases: (1) those removable on the basis of an initial pleading; and (2) those that later become removable on the basis of "a copy of an amended

pleading, motion, order or other paper."  Normally, the notice of removal must "be filed within thirty days after the receipt by the defendant … of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b).

"A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties."  *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).  Therefore, removal jurisdiction based upon diversity requires: (1) a complete diversity of citizenship between the plaintiff(s) and the defendant(s) and (2) satisfaction of the amount in controversy requirement.   The amount in controversy is not at issue, thus the Court looks to the diversity of citizenship and whether fraudulent joinder has occurred.

Plaintiff is "the master of the complaint and is free to avoid federal jurisdiction, by structuring [her] case to fall short of a requirement of federal jurisdiction.  [Courts] permit this so long as the method of avoidance is not fraudulent."  *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) (internal citations and quotations omitted).  Defendants have alleged that Potts has been fraudulently joined under the "no cause of action" theory of fraudulent joinder.[1] This theory requires the defendants to prove that there is "[no] possibility that a state court would find that the complaint states a cause of action against . . . the [non-diverse] defendant[]."  *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (quotation marks omitted); *see also Restivo v. Bank of Am. Corp.*, 618 Fed. Appx. 537, 539 (11th Cir. July 8, 2015) (quoting *Crowe*). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate."

---

[1]      In her motion to remand, Plaintiff states "there has been no allegation by Defendants of 'outright fraud' in the Plaintiff[']s] pleadings of jurisdictional facts…"  *See* Doc. 11 at p. 3.  However, that is not the sole theory required for fraudulent joinder and it is crystal clear that Defendants are alleging the "no cause of action" theory of fraudulent joinder.

*Triggs*, 154 F.3d at 1287. The "potential for legal liability must be reasonable," however, "not merely theoretical." *Legg*, 428 F.3d at 1325 n.5 (citation and internal quotation marks omitted). Stated differently, a court may deny the motion to remand only if there was no possibility that the plaintiff could have maintained a cause of action. *Henderson*, 454 F.3d at 1281-82. The court's "task is not to gauge the sufficiency of the pleadings in this case. [The] inquiry is more basic: [The court] must decide whether the defendants have proven by clear and convincing evidence that no Alabama court could find this complaint sufficient…" *Id*. at 1284; *see also Gonzalez v. J.C. Penney Corp.*, 209 Fed. Appx. 867, 869 (11th Cir. 2006) ("The burden of establishing fraudulent joinder is a heavy one.").

The question which remains before the Court is whether or not there is any possibility that Plaintiff could maintain either of her causes of action against Defendant Potts.

i.     **Tortious Interference with a Contract**

The Alabama Supreme Court held that "properly stated, the elements of the tort are (1) the existence of a protectable business relationship; (2) of which the defendant knew; (3) to which the defendant was a stranger; (4) with which the defendant intentionally interfered; and (5) damage." *Walter Energy, Inc. v. Audley Capital Advisors, LLP*, 176 So. 3d 821, 828 (Ala. 2015) (quoting *White Sands Group, L.L.C. v. PRS II, LLC*, 32 So. 3d 5 (Ala. 2009)).  All five elements must be established.  In the case at hand, the third element – whether defendant was a stranger – is the primary element at issue.

The Alabama Supreme Court has squarely addressed the "stranger" requirement of the tort.  The Alabama Supreme Court explained "a defendant need not be a signatory to the subject contract or one of the primary actors in the business relationship to effectively be a party to it, but that a defendant is a party in interest to a relationship if the defendant has any beneficial or

economic interest in, or control over, that relationship." *Walter Energy*, 176 So. 3d at 828 (quoting *Waddell & Reed, Inc. v. United Investors Life Ins. Co.*, 875 So. 2d 1143 (Ala. 2003) (internal quotation marks omitted); *see also White Sands*, 32 So. 3d at 14 (citations omitted) ("In the process of defining the tort of wrongful interference with a business relationship, we deem it prudent to reiterate that one of the elements is that the defendant be a stranger to the relationship."). Further, "[a] tortious interference claim requires, among other things, wrongful conduct by the defendant without privilege; 'privilege' means legitimate economic interests of the defendant or a legitimate relationship of the defendant to the contract, so that he is not considered a stranger, interloper, or meddler. A person with a direct economic interest in the contract is not a stranger to the contract. Parties to an interwoven contractual arrangement are not liable for tortious interference with any of the contracts or business relationships.'" *Id*. at 828-29 (quoting *Waddell*, 875 So. 2d at 1157). In short, the Alabama Supreme Court adopted the term "participant to describe an individual or entity who is not a party, but who is essential, to the allegedly injured relationship and who cannot be described as a stranger." *Id*. at 829 (quoting *Waddell*, 875 So. 2d at 1157). "One cannot be guilty of interference with a contract even if one is not a party to the contract so long as one is a participant in a business relationship arising from interwoven contractual arrangements that include the contract. In such an instance, the participant is not a stranger to the business relationship and the interwoven contractual arrangements define the participant's rights and duties with respect to the other individuals or entities in the relationship." *Id*.

Turning to the claims by Harris against Potts, the Court must determine whether he is a "stranger" to the contractual relationship between Plaintiff and the ACCC Defendants. In applying a summary judgment standard, the undisputed facts are that Defendant Potts is an

Alabama attorney hired by the ACCC Defendants to conduct an examination under oath as a result of Harris' claim against her automobile policy.  After being hired, Defendant Potts sent Harris several letters scheduling the examination under oath and requesting a list of documents from Plaintiff to be brought to the examination.  Harris did not attend the examination under oath nor did she provide the requested documents.  Ultimately Harris' claim under the policy was denied.  In her response to the motion to dismiss, Plaintiff argues that Potts was not a general agent for the insurance company and that he was brought in only after the claim was filed with the insurance company.  However, Plaintiff cites no Alabama case law to support her argument that Potts was a stranger to the contract.  Rather Plaintiff relies upon general assertions of agency theory and excerpts from American Jurisprudence research to argue Potts was a stranger.

In looking to the Alabama Supreme Court's analysis in *Waddell*, *Walter Energy*, and *White Sands*, this Court finds it clear that Defendant Potts was NOT a stranger to the contract. Rather, Defendant was a participant brought in by the ACCC Defendants to act on their behalf in conducting the examination under oath.  His legal status was tied to conducting acts requested by the ACCC Defendants.  As such, Potts cannot be considered a stranger and this claim fails as a matter of law without even examining the remaining elements of the tort.

###        ii.        Outrage

"[T]he tort of outrage is viable only when the conduct is 'so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society.'"  *Ex parte Bole*, 103 So. 3d 40, 52 (Ala. 2012 (citations omitted); *Little v. Robinson*, 72 So. 3d 1168, 1173 (Ala. 2011).  To recover on the tort of outrage, "a plaintiff must demonstrate that the defendant's conduct: (1) was intentional or reckless; (2) was extreme and outrageous; and (3) caused emotional distress so severe that no

reasonable person could be expected to endure it." *Little*, 72 So. 3d at 1172 (quoting *Green Tree Acceptance, Inc. v. Standridge*, 565 So. 2d 38, 44 (Ala. 1990)).

Plaintiff asserts that Defendants' arguments on what was "reasonable in the insurance industry" is a question that the litigation seeks to answer. *See* Doc. 9 at p. 5; Doc. 11 at p. 4. However, at issue on the fraudulent joinder question is whether Potts' letters and conduct towards Harris fell outside all bounds of decency and thus utterly intolerable to a civilized society. In looking at the three elements established by the Alabama Supreme Court, even considering all facts in the light most favorable to the Plaintiff, this Court cannot conclude that Potts' letter rise to the level required by the tort of outrage. Plaintiff seemingly conflates her claims against the ACCC Defendants and Defendant Potts when arguing they created "an arbitrary set of standards calculated to make it impossible for someone like Rosie Harris to ever collect on an insurance claim." *See id*. However, the outrage claim was asserted solely against Defendant Potts. The question at issue on fraudulent joinder is not whether the application of the insurance contract by the ACCC Defendants was reasonable, but rather were Defendant Potts' actions such that shock the conscious and go beyond the bound of decency. A review of the letters sent by Potts to Harris fall well short of that criteria.

In the Second Amended Complaint, Count VI asserts a claim for Outrage. *See* Doc. 1, Atch 10. Paragraph 2 states "[t]his amended Complaint applies to Defendant James A. Potts II." While the remainder of the Second Amended Complaint's allegations clearly state they relate to Defendant Potts, the Court notes Count VI's Outrage claim states "**Defendants' DCH, Douglas and Jeb**, extreme and outrageous conduct, intentionally and/or recklessly caused severe emotional distress to **Plaintiffs**." *Id*. at ¶ 17 (emphasis added). Though no party mentions this discrepancy, the Court wishes to note it as further support that the pleading is insufficient as it

pertains to Defendant Potts and describing how the claim could be sustained against him.

Applying the summary judgment standard as required in a fraudulent joinder context, the Court finds the claim cannot stand against Defendant Potts.

## IV. CONCLUSION

When considering the motion to remand and applying the summary judgment standard by resolving all factual disputes in favor of the plaintiff, it is clear under Alabama law that Plaintiff's asserted claims against Defendant Potts fail as a matter of law.  The Court finds that Defendants have met their heavy burden on removal to prove Plaintiff fraudulently joined Defendant Potts.

Pursuant to the foregoing Memorandum Opinion, the Court GRANTS the Motion to Dismiss Based on Fraudulent Joinder (Doc. 5) and DENIES the *Motion to Remand* (Doc. 11).

DONE this 28th day of November, 2016.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE